**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TANYA B. THOMPSON,

    Plaintiff,

vs.                                                  No Civ. 09-943 WJ/ACT

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF VALENCIA, a political
subdivision of the STATE OF NEW MEXICO,
CHRIS BREY, an Officer of the Valencia County
Sheriff's Department and Public Employee of
the State of New Mexico, Individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EVIDENTIARY HEARING
and
DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT**

THIS MATTER comes before the Court upon the following motions:

–     Plaintiff's Amended Motion for Default Judgment (**Doc. 6-8**);

–     Plaintiff's Request for Evidentiary Hearing on the Motion for Default (**Doc. 17**);

–     Defendants' Motion to Strike Plaintiff's Argument and Request for Evidentiary

      Hearing (**Doc. 20**).[1]

Having considered the parties' briefs and the applicable law, I find that Plaintiff's

---

[1] Plaintiff's amended motion for default judgment was filed in state court before Defendants removed the case to federal court and is part of the state court pleadings. Thus, the motion is not listed separately on the Court's docket, but was attached as Exhibit 6-8 to Defendants' Response to the Amended Motion for Default Judgment (Doc. 6). The case was removed prior to a hearing in state court which had been set on Plaintiff's motion.

Also, Defendants' motion to strike (Doc. 20) operates as a "response" to Plaintiff's request for evidentiary hearing.

Amended Motion for Default Judgment **(Doc. 6-8)** is without merit and shall be DENIED; Plaintiff's Request for Evidentiary Hearing on the Motion for Default **(Doc. 17)** is without merit and shall be DENIED, and that Defendants' Motion to Strike Plaintiff's Argument and Request for Evidentiary Hearing **(Doc. 20)** shall be DENIED as MOOT.

## Background

In this civil rights case, Plaintiff alleges a Fourth Amendment claim of excessive force and municipal liability based on Officer Brey's alleged use of a taser on Plaintiff, who was being booked at the Valencia County Sheriff's County for a DWI. The Complaint was filed on May 14, 2009, in the First Judicial District, County of Santa Fe. Defendants removed the case to federal court on September 25, 2009.

There is a question regarding whether service was properly effected under New Mexico law as to the Board of County Commissioners of Valencia County ("Board"). Defendants concede that proper service on Officer Brey, but they contend that Defendant Brey's failure to answer the Complaint was due to the delay of Valencia County's former Risk Manager. While proper service is raised as an issue in these motions, I note that Defendants do not specifically challenge service of process or move to dismiss the complaint on that basis. Rather, they urge the Court to focus on the fact that Defendants have answered the complaint, and that the delay in filing an answer was due to excusable neglect.

## Discussion

**I.     Service Upon Defendants**

A.     <u>Service on the Board</u>

On June 26, 2009, Plaintiff served the Board by serving Marilyn ("Marty") Silva, who Plaintiff claims was authorized to accept service on behalf of Valencia County. The process

server stated that he found Ms. Silva sitting at the front desk at the Board of County Commissioner's office.  The process server asked Ms. Silva if she was authorized to accept service for the Board.  Ms. Silva was not sure, and called someone "upstairs" to find out.  She then advised the process server that she was authorized to receive process.  Doc. 17-2 (Ex. A).[2]

Defendants claim that service upon Ms. Silva did not effect service on the Board or the County because Ms. Silva was not an employee of the Valencia County Clerk's Office, much less the "county clerk" who must be served to effect service under New Mexico law.  Plaintiff contends that, as the Administrative Coordinator for Valencia County, Ms. Silver is authorized to accept service of process.  Parties have not fully developed their respective arguments on the issue of whether service upon Ms. Silva effected service on the Board under New Mexico law.[3]  However, regardless of whether Ms. Silva was the right person to serve, Defendants point out that the summons and complaint never made it to the Valencia County Clerk's Office, nor to the County's insurance carrier, where all civil complaints are sent for processing.  Defendants blame this failure on Jack Smith, the Risk Manager employed by the County from May 2008 to June 2008, who Defendants claim never forwarded the summons and complaint to the appropriate agency.  According to Barbara Baker, who took over Mr. Smith's duties in July 2009, county procedures require that the person who receives the summons and complaint forwards them to the Risk Manager for handling, who in turn forwards them to the New Mexico Association of Counties ("NMAC"), an entity that retains counsel and provides coverage for law enforcement

---

[2] Ms. Silva has also accepted service of process in another unrelated lawsuit against Valencia County as well.  *See* Doc. 17-7 (Ex. F).

[3] Under New Mexico law, service is effected on a county by "serving a copy of the process to the county clerk."  NMRA,1-004(H)(1)(f).

claims against the county and its employees and officers. Doc. 6-3 (Ex. B, Baker Aff.).

B.     Service on Defendant Brey

Defendant Brey was served with the summonses/complaint on June 26, 2009, and he passed them on to his supervisor, Sheriff Rene Rivera. (Doc. 6-4 Ex. C, Rivera Aff.). Sheriff Rivera forwarded the Complaint to Jack Smith, the County Risk Manager at the time, who was supposed to forward it to the County's insurance carrier to assign legal counsel for Defendant Brey's representation. Defendants' position is that Mr. Smith apparently never did so. It was only after Ms. Baker received a Notice of Hearing on Plaintiff's Motion for Default that she subsequently determined that the County's insurance carrier had never received the Complaint. Doc. 6-3.

Thus, Defendants blame a series of mishaps, none of which can be attributed to either Defendant individually, for their failure to file an answer within the required time. They contend that they were not aware of a need to answer either Plaintiff's complaint because Ms. Silva never forwarded the summons and complaint to Valencia County Clerk's Office (assuming that Ms. Silva was the appropriate person to serve), and Jack Smith never forwarded the summons and complaint on to NMAC so that Defendants could be assigned legal counsel. Defendants also contend that they were not aware of a need to file a response to Plaintiff's motion for default judgment, because they never received a copy of the motion for default judgment. This assertion is supported by the absence of a certificate of service on Plaintiff's original motion for default judgment and the amended motion.[4]  *See* Doc. 6-3 (Baker Aff); 6-7 & 6-8 (Mot. for Def. J. & Amended Mot.).

---

[4] Local rules require that "[a] motion, response, or reply must include a certificate of service on each party." *See* D.N.M.LR-Civ. 7.1(b).

## II.  Legal Standard

Under Rule 6(b) of the Federal Rules of Civil Procedure, a court may extend time on a party's motion made after the time has expired if the party failed to act because of excusable neglect.  Claims of excusable neglect are equitable in nature. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).  A defendant's inadvertence, ignorance of the rules, or mistakes construing the rules ordinarily do not constitute excusable neglect. *United States v. Mitchell*, 464 F.3d 1149, 1150 (10th Cir.2006), *vacated on other grds.*, 551 U.S. 1129 (2007).  A court considers the following factors in determining whether a defendant has demonstrated excusable neglect: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id.*; *see also City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994) (excusable neglect in bankruptcy case). The reasons for delay are often considered the "most important single factor" in the analysis. *Id.*, (citing *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir.2004)).

## III.  Analysis

Defendants contend that it would be manifestly unjust to both the County and Defendant Brey for the Court to grant a default judgment to Plaintiff ,when Defendant was not at fault in the failure to file a timely answer to Plaintiff's complaint.  They urge the Court to allow their late filing of an answer, and deny Plaintiff's request for default judgment.

The Court agrees that Plaintiff's motion should be denied.  Even if service was effective as to both Defendants, Defendants have provided the Court with sufficient justification Under Rule 6 to allow the requested extension for filing an answer.  First, the circumstances which

intervened to delay Defendants' answer were outside of Defendants' control.  The summonses and complaint never made their way through the various channels of county bureaucracy in order for legal counsel to be appointed for Defendants, and for an answer to be filed on their behalf.

Second, Defendants acted in good faith by filing an answer literally two days after Ms. Baker first received notice of Plaintiff's lawsuit, after receiving notice of the hearing set on the motion for default.  Also, Plaintiff does not deny a failure to copy Defendants with her motion for default judgment, nor does she offer an explanation for that failure.  Thus, Defendants were not aware of the need to file an Answer, or of Plaintiff's intention to seek default judgment. Nor were Defendants in reasonable control of the legal mechanism set up for the purpose of getting an answer filed on their behalf.

Last, the Court finds that there is no prejudice to Plaintiff in allowing the late filing of the answer.  The parties' Joint Status Report was adopted by the Court only a month ago (Doc. 18), no deadlines have lapsed and no trial or settlement conference has been scheduled.

Plaintiff seeks an evidentiary hearing to rebut Ms. Baker's assertions regarding Jack Smith's failure to act, and Ms. Silva's apparent authority to accept service of process, but does not offer any specifics about what such testimony would reveal.  I see no reason to doubt the sworn representations of Ms. Baker and Sheriff Rivera, particularly where Plaintiff offers no basis for rebuttal.

## Conclusion

The Court finds and concludes that Plaintiff has not provided sufficient reason to grant a motion for default judgment, or to hold an evidentiary hearing on the motion.  Defendants, on the other hand, have shown excusable neglect underlying their failure to file a timely answer to Plaintiff's complaint.  Accordingly, the Court accepts the late filing of Defendants' answer on

September 25, 2009.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Amended Motion for Default Judgment **(Doc. 6-8)** is hereby DENIED for reasons described above;

**IT IS FURTHER ORDERED** that Plaintiff's Request for Evidentiary Hearing on the Motion for Default **(Doc. 17)** is hereby DENIED for reasons described above;

**IT IS FINALLY ORDERED** that Defendants' Motion to Strike Plaintiff's Argument and Request for Evidentiary Hearing **(Doc. 20)** is hereby DENIED as MOOT, in light of the Court's rulings on Plaintiff's motions.

UNITED STATES DISTRICT JUDGE